

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDOLF POJOH,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 05-75148<br><br>Agency Nos.   A095-629-925<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted on June 11, 2010**
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District
Judge.***

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).
    \*\*\*     The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

Petitioner, Rudolph Pojoh, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a).

Petitioner's application for asylum is time-barred. Petitioner did not demonstrate extraordinary circumstances to excuse his untimeliness. Therefore, this court affirms the BIA's decision denying his application for asylum.

We have recently held that the BIA should review withholding of removal cases under the same disfavored group analysis applied in reviewing asylum applications. *See Tampubolon v. Holder*, 598 F.3d 521, 527 (9th Cir. 2010) (holding that the court must remand to the BIA "for it to determine whether the combination of disfavored group evidence and evidence of individualized risk is sufficient to establish a clear probability that petitioners will be persecuted if removed to Indonesia"). Accordingly, we grant the petition for review and remand to the BIA to evaluate petitioner's withholding of removal claim.

PETITION FOR REVIEW GRANTED AND REMANDED FOR RECONSIDERATION OF WITHHOLDING OF REMOVAL DECISION.

2